# RAFAEL BARLETTA, Plff.,

*v.*

# LUIS ROGER, Dft.

---

San Juan, Law, No. 1149.

ON MOTION FOR A DEFAULT.

Time within Which to Amend or Plead.

> After a motion has been passed upon, the losing side is allowed, unless otherwise stated, five days in which to amend or otherwise plead.

Opinion filed November 27, 1916.

---

*Mr. H. R. Francis* for plaintiff.

*Mr. Harry F. Besosa* for defendant.

HAMILTON, Judge, delivered the following opinion:

The practice in the local court seems to be independent of the statute. It is a practice which has grown up, as I understand from counsel. The practice in this court is based upon a rule or an order by this judge some time ago, growing out of the fact that confusion arose from my not stating how long a time a party had to answer, or whether he had any right to answer; and, at the suggestion of the clerk, I made the rule or the order that in everything not actually governed by statute, after a motion was

Barletta v. Roger.

passed upon, the other side was ipso facto, unless the court stated otherwise, allowed five days to amend or otherwise plead to conform to the ruling of the court. That follows as a part of every order without the necessity of the court stopping to repeat it every time. This is the practice that is in question at the present time.

It seems that there was a complaint in libel filed in this case and a motion to strike. The motion to strike was passed upon adversely. Then ipso facto, if nothing else was done, the party had five days within which to plead further. He did not plead further within the five days, and after the five days the opposite party moves for a default. The default in point of fact has not been entered by the clerk, and it is now agreed that the whole matter of default shall come up. The reason given by counsel for not filing an answer within five days was that he was busy with other matters, and did not think advantage would be taken, and, in point of fact, he seems to be under the impression that the practice was that there were ten days allowed, instead of five.

It is a matter which the court would prefer to be settled between the parties, but still that cannot be helped. If the parties do not agree I have to pass on it as it comes up. It would be circuitous to enter a default, and then put a party to the necessity of moving to set aside the default, and it does not seem to be necessary. The whole matter comes up on the merits. It seems that no injury will be done so far as limitations are concerned. The whole matter is within twelve months, and the principal point is that, unless a default is entered or something drastic is done, the parties may lose a trial at this term.

It seems to me I can arrange the point as follows: The defendant is at fault in not answering within the time fixed by the

Barletta v. Roger.

practice of the court. The reason given for it, while perfectly natural, is not a legal excuse, or at least not one that is controlling. I think I will make this ruling in the case. The motion for a default is denied, provided the defendant pay costs up to this time by Monday next. If that is done, the demurrer will be set for next week, and I will assure the parties of a trial this term.